| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

EARL DANELL BELARD, §
§
      *Petitioner,* §
§
versus §   CIVIL ACTION NO. 1:06-CV-369
§
DIRECTOR, TDCJ-CID, §
§
      Respondent. §

## MEMORANDUM ORDER ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Earl Danell Belard, an inmate at the LeBlanc Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this "Motion Requesting an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254."

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the filing. The magistrate judge recommends this matter be dismissed without prejudice for lack of subject-matter jurisdiction. The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. No objections were filed to the magistrate judge's Report and Recommendation.

## **ORDER**

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing the filing.

In addition, the court is of the opinion Mr. Belard is not entitled to a certificate of appealability.[1] An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the Mr. Belard has not shown that the issue of whether he should be granted an extension of time to file a petition for writ of habeas corpus is subject to debate among jurists of reason. The factual and legal questions have been consistently resolved adversely to his

---

[1] A certificate of appealability is only needed to appeal a judgment denying habeas relief. In this case, the court has not denied habeas relief, but merely denied Mr. Belard an extension of time to file a petition for writ of habeas corpus. As a result, it is not clear whether Mr. Belard would need a certificate of appealability in order to appeal. The court is expressing its opinion as to whether a certificate should issue in the event it is determined that a certificate is necessary for an appeal.

position and the questions presented are not worthy of encouragement to proceed further.  As a result, a certificate of appealability shall not issue.

      SIGNED at Beaumont, Texas, this 26th day of September, 2006.

                                            *Marcia A. Crone*
                                        MARCIA A. CRONE
                                 UNITED STATES DISTRICT JUDGE